# CHARLESTOWN.

## HARRISON'S EXOR. *v.* FARMERS' BANK OF VIRGINIA ET AL.

### September 9, 1876.

The F. Bank of Virginia on the nineteenth of January, 1867, executed a deed of trust at Richmond, Virginia, by which, it conveyed to trustees, all of its assets of every kind, wheresoever situated, for the benefit of its creditors. Some of the assets were in the branch of said bank at Lewisburg, W. Va.—HELD:

This deed being voluntary and not compulsory, it passed to the trustees for the use of the creditors, the personal assets at Lewisburg.

Matthew Harrison filed a bill in the ¦chancery court at Lewisburg and had the personal assets seized and placed in the hands of a receiver of the court, prior to the execution of the trust deed above, which claim set up in such suit was paid under various orders made in said cause. Before the final disposition of this suit the personal representative of Burr W Harrison, to-wit: On the thirtieth day of January, 1873, obtained a judgment against the said Farmers' Bank of Virginia, and on the fourth day of April, 1873, sued out an execution thereon and placed it in the hands of the sheriff of Greenbrier county, who made return thereon, "No property found." On the twenty-fifth of June, 1874, the said personal representative filed his petition in the suit of Matthew Harrison against the Farmers Bank of Virginia seeking to charge the said assets remaining in the hands of the receiver, to the payment of his supposed lien thereon,—HELD:

That as the deed of trust of 1867, was operative to pass the title of said assets to the trustees for the use of the creditors, the supposed lien of the *fi fa* was inferior to the rights of the trustees and creditors who were purchasers for valuable consideration, and the decree of the circuit court, to that effect, ought to be affirmed.

Thomas Mathews who claimed to be a purchaser of all the rights of the trustees to these personal assets, had also filed, at the same time his petition praying that all the assets remaining in the hands of the receiver, might, by order of the court, be turned over to him, as such purchaser. He claimed that these assets had been sold under a decree of the district court of the United States for the eastern district of Virginia, at Richmond, in a suit brought to enforce the provisions of said trust deed in favor of the creditors, at which sale Wm. B. Isaacs, & Co., had become the purchasers, and that this sale had been affirmed by said court, and that Wm. B. Isaacs, & Co., had afterwards sold and conveyed these assets to him, said Mathews. The circuit court decided that he was entitled to the assets remaining in the hands of the receiver. He was the principal appellee in this court, and filed a counter assignment of errors to the decree.—HELD:

1876.
August Term.

Harrison's Exor
v.
Farmers' Bank
of Virginia.

That the court having decreed to him all that he claimed in his petition, he cannot, in this court. complain of that decree, and therefore, the decree should be affirmed as to him. But this court not deeming it necessary or proper to pass upon the title of said Mathews, to said assets, affirm said decree as to him, without prejudice to the rights of the trustees in said trust deed, or the creditors themselves.

Appeal from a decree of the circuit court of Greenbrier county, rendered on the twenty-fifth day of June, 1874, in the above entitled action, in which Matthew Harrison, executor of Burr W. Harrison, deceased, was plaintiff, and the Farmers Bank of Virginia, and others, were defendants. Appeal granted on the petition of said Matthew Harrison, exo'r.

The facts of the case fully appear in the opinion of this Court.

Hon. Homer A. Holt, Judge of said circuit court, presided at the hearing below.

*Samuel Price* for appellant.

*Mathews & Mathews* and *A. C. Snyder* for appellee.

EDMISTON, JUDGE.

This case comes from the circuit court of Greenbrier county. Matthew Harrison had filed a bill in chancery, in said court, against The Farmers Bank of Virginia, and it is said that he sued out an attachment, and levied the same upon the assets of said Bank, at the branch thereof

54

1876.
August Term.

Harrison's Exor
v.
Farmers' Bank
of Virginia.

in Lewisburg, Greenbrier county. In which suit, and by force of said attachment, the assets were seized, and placed in the hands of a receiver of that court. Many orders, or decrees, were made, from time to time, disbursing the funds in the hands of the receiver, to the plaintiff in the suit, as well as to others, who, on motion, or by petition, claimed that they were entitled to be paid certain sums due them from said Bank.

When this suit was brought, does not appear, as this record does not disclose the fact, nor does it show how the cause was matured, but it is said the bill and papers, were lost. Nothing appears, only the orders directing the receiver of the court to pay over certain sums, to certain persons, with orders of reference, and reports of commissioner. But it is admitted by the parties that this suit was instituted before the nineteenth of January, 1867, the date of the deed of assignment made by the Farmers Bank of Virginia, to trustees, for the use and benefit of its creditors. In this deed was conveyed "all the assets, real and personal, belonging to said Bank, wheresoever situated, and of whatsoever consisting, including all lands and lots, all office furniture and other personal chattels, all coin, and current money, all debts, and choses in action, all stocks, bonds, and certificates of debt, bills, notes, and other evidences of debts, and securities for the same, and all other property belonging to, or due to, the Bank, &c."

The Farmers Bank of Virginia had a branch at Lewisburg, and it was claimed that this deed had the effect of transferring, at least, the personalty to the trustees, held by said branch. The suit of Harrison, however, it would seem, was founded on the idea that this property was liable to an attachment, and to be seized and appropriated to the payment of debts against said Bank, by suit in this State, under the attachment law of this State, because the corporation, The Farmers Bank, was a nonresident, and had estate in this State, and in the county in which the suit was brought. And such would seem

to have been the theory of the suit, because these personal assets were appropriated to the payment of said Harrison's claim, as well as those of various other persons claiming to be creditors. No defence was made to this suit, by the assignees, or any other person.

Some time in the year 1872, Thomas Mathews tendered a petition to the circuit court of Greenbrier county, stating that the suit instituted by Harrison was still pending, and recited what had been done therein; and also stated the fact that the said Bank, on the nineteenth day of January, 1867, had made the above conveyance for the security of the creditors of said Bank, and that a suit had been instituted in the district court of the United States for the Eastern District of Virginia, in Richmond, to enforce said trust; and that such proceedings had been had therein, as resulted in the sale of the assets belonging to said Bank, at its branch in Lewisburg, under a decree of said court. And that Wm. B. Isaacs, & Co., had become the purchasers thereof, which they had sold and conveyed to him, the said Mathews, on the twenty-third of December, 1871. He therefore claimed to be the owner of all the property and assets remaining of the Lewisburg branch, and that he was advised, that he was entitled to have all of said property and assets remaining under the control of the court, and in the hands of its officers and receivers, turned over and delivered to him. And to effect this, he asked, that full accounts, and settlements, with the receivers, and other officers of the court, who had had charge of said assets, should be made; and asked to have the right to surcharge and falsify such accounts and settlements. He did not assail the rights of the complainant Harrison, and other creditors, who had obtained a large part of said assets; nor did he make any of them, or the assignees of the Bank, or any other person in interest, parties to his petition. The filing of this petition was objected to by some one, and was not allowed, until the final hearing, on the

twenty-fifth of June, 1874, when the objections were withdrawn, and the petition was filed.

On the thirtieth of January, 1873, Matthew Harrison, executor of Burr W. Harrison, obtained a judgment against the Farmers Bank of Virginia for the sum of $3,733.42, with interest and costs. On this judgment he sued out execution, placed it in the hands of the sheriff of Greenbrier county, who made return thereon, " No property found."

On the twenty-fifth day of June, 1874, the said Harrison, executor, as aforesaid, filed his petition, setting forth his judgment, execution, and return of the sheriff thereon, and referring to the suit of Matthew Harrison as still pending, and charging that many of the decrees thereon were erroneous, and asks that they may be set aside. He refers to the petition of Matthews, and contests his title to the assets. He asks that all the persons who had received money, under the decrees in the original cause, said Thomas Mathews and Alex. H. Mathews, his assignee, be made parties to his petition, but serves no process on any of them, and prays that his lien may be enforced.

The court on the same day, the twenty-fifth of June, 1874, entered a final decree in the case. In this decree, it is recited that the petitions of Mathews and Burr W. Harrison's, administrator, were filed, and on them, with the papers formerly read, the cause was heard.

The court held that the title of Mathews to the assets in the hands of the receiver, was good, under his purchase, as above detailed, and that, as it was older, it was superior to the claim of the said administrator of Harrison, and, therefore, it dismissed Harrison's petition. And the said Mathews, dispensing with the reference and account prayed for in his petition, it was adjudged, ordered, and decreed, that the receiver should turn over and transfer to the said Mathews, or his assigns, all the personal assets of the said Branch Bank at Lewisburg,

of every kind then in his hands, under the orders and decrees of the court, previously made in the cause.

From this decree, the administrator of Burr W. Harrison appeals to this Court.

The first and principal error relied on is, that the court decreed the assets of the Branch at Lewisburg to Mathews. He claims that Mathews did not claim, under a sale made by Robinson & Gaddin, the trustees in the deed of assignment made by the Farmers Bank of Virginia, but that he claimed title under a sale made by the receiver of the district court of the United States for Virginia, at Richmond, made under a decree of that court, at which sale Wm. B. Isaacs & Co. were the purchasers, and that they sold their title to Mathews; that said court had no jurisdiction over these assets, at the time the order of sale was made, because the circuit court of Greenbrier had previously assumed jurisdiction over them.

It is difficult to deal with all he questions that are raised and discussed in this case, because of the imperfect condition of the record; but I think there is sufficient to enable this Court to decide upon the rights of the parties to this appeal. If Matthew Harrison had instituted his suit to enforce a lien against the property of the Farmers Bank, as he probably had done, before the conveyance was made by the Bank to the trustees, of course the trustees would take, subject to the rights of said Harrison, in that suit; and I assume this to be the fact. But it does not follow that the trustees do not take all the property, by force of that deed, that was not necessary to pay the debt, or claim, of said Harrison. It cannot certainly be claimed, successfully, that because Harrison had a valid suit, to charge a part of the property with the payment of his debt, that the deed would not, and could not, for that reason, be operative to convey the surplus, after paying his debt or claim.

Now, the amount decreed to Harrison, is not in dis-

pute; neither party has sought to affect that decree. It is only as to the surplus, after paying off Harrison's debt or claim, that this contest is waged. Therefore, it appears to me, that, as this matter about which this contest is, consists of the surplus, after paying Harrison's claim, that the deed of trust, executed by the Farmers Bank of Virginia to Gaddin & Robinson, trustees, was equally operative as to that, as it would have been to the whole assets, if Harrison had not instituted his suit before the trust deed was made.

And I think there can be no doubt but this deed would have conveyed all the assets to the trustees, if this suit had not existed at the time of the conveyance. Why not? It is said that these assets were in another State, and were under the control of a court to charge them, or so much as was necessary to pay the debt set up in the suit. This is all true, but can it be claimed that a deed can not operate for any such reason? I think not. But it is further said, that this was not a voluntary conveyance, and for that reason it cannot operate outside the limits of the State in which it was made. I do not see how it can be called an involuntary conveyance. The directors of the Bank had a right, at any time the exigencies of the corporation required, to make a conveyance in trust to secure its creditors, independent of the act of the Legislature, under which this deed purports to have been made. This act of the Legislature did not, and could not, compel the Bank to convey; it only had the effect to express the view of the General Assembly of Virginia, that it ought to be done, and to yield the State's consent to that effect, so far as she had her interest in said Bank. No proceeding was ordered to be had against the Bank, if she failed, nor anything that looked like compelling, or seeking to compel, the execution of such a deed. It therefore has, to my mind, every characteristic of a free and voluntary act on the part of the directors of said Bank, and one, as I have said, she could have done without any authority from the Legislature.

1876.
August Term.

Harrison's Exor
v.
Farmers' Bank
of Virginia.

See the case of *Farmers Bank v. Willis.* 7 West Va. 31, and the authorities there cited.

In this last case of Willis it is expressly held by this court "that this deed, made in 1867 by the Bank, when hopelessly insolvent, for the transfer of its assets to trustees, for the payment of specific liens, and then, so far as adequate, for the payment of all its other debts, was valid and effectual for that purpose." It was also held valid, and its provisions enforced by the decree of the District Court of the United States holden at Richmond for the Eastern District of Virginia.

In the cases of *Exchange Bank of Virginia, use of Camp, trustee, v. Knox*, &c., and *Farmers Bank of Virginia, for Goddin*, &c., *trustees, v. Anderson & Co.*, 19 Gratt. 739, the validity of these deeds is declared and acted upon. The principles declared in the two cases above were reaffirmed in *Saunders v. White*, &c., 20 Gratt. 327.

It is true that these cases, except that in the district court, have not decided the question as to their effect upon assets outside the state of Virginia. But, as I stated above, I can see nothing that can be said to make this deed of trust, anything but a deed executed voluntarily by the directors of the Bank, to promote the interests of all parties concerned, and cannot see why it did not operate to convey the personal assets of the Bank, as the deed says, "wheresoever situated." That these deeds are voluntary, and have the effect that I suppose they do, was expressly decided in 3 W. Va., *Valley Bank v. Gettinger.*

Now, if this deed, which was executed on the nineteenth day of January, 1867, did operate to pass all the personal assets to the trustees, wheresoever the said assets were situated, the trustees and creditors became purchasers for valuable consideration. They were, in fact, the owners of these assets, and not the Bank. It is said in the case (*supra*) in 19 Gratt.: "The Banks being utterly insolvent, the trustees are the trustees of the creditors, and not of the banks, and are purchasers and as-

1876.
August Term.

Harrison's Exor
v.
Farmers' Bank
of Virginia.

signees, for valuable consideration, of all the property and effects of the banks for the benefit of the creditors." If this is so, how could an execution lien, obtained by the administrator of Burr W. Harrison in 1873, six years after the title of the trustees was perfect, operate upon this property? His lien could only operate upon the property of the Farmers Bank; this was no longer the property of the Bank, but was in the hands of purchasers, for valuable consideration, and had been so for six years. This is sufficient to defeat the pretentions of the appellant, without looking into the title of Mathews. He derived his claim under these purchasers. Whether his title is perfect or not, makes no difference to the appellant; as he has no right to charge the property even in the hands of the supposed vendor of Mathews.

I am therefore of opinion, that there is no error in the decree of the circuit court to the prejudice of the appellant.

This, ordinarily, would dispose of this case; but the appellee, Mathews, has filed an assignment of errors, to the effect that all the decrees made by the circuit court in favor of the plaintiff, Mathews, Harrison and all the other persons provided for in said suit, were erroneous, because they had no specific lien on the fund, and should, as general creditors, have filed their claims in the Court at Richmond.

This may all be right, but this Court cannot see from the record in this case, how these questions are; nor do I think it material that they should be looked into or decided in this case, as the Bank has not appealed from these decrees, nor has any one interested in them, except Mathews. When we look at his petition, and see what he claims and asks for, as well as what transpired when the circuit court rendered the final decree, in his petition, he only prays to have what assets remain in the hands of the receiver, because he is the legal owner thereof. He does not assail the decrees made in favor

of the complainant; neither does he make any of the persons provided for in the said decrees, parties to his petition, whereby they could defend the action of the Court in decreeing in their favor. He only asks that the true condition of the assets, under the contract of the Court in the hands of the receiver, be ascertained and paid over to him. And this, after he alleges that all the claims have been acted on by the Court, and nothing else remains to be done, but to do what he asks for. Then, at the hearing, the decree recites "that the said Mathews dispensing with the account and reference prayed for in his petition, therefore it is adjudged, ordered and decreed, that the general receiver of the Court, turn over and transfer to the said Thomas Mathews, or his assignee, all the personal assets of the said Branch Bank, of every description, now in his hands, under the orders and decrees of this court previously made in this cause, taking a receipt therefor." Now, from his petition and the recitals in the decree, it appears that he has obtained all he asked for, and what he agreed to take. It is in fact, as far as he is concerned, in the nature of a decree consented to by him, and I think he cannot now complain that the court did not do more than he asked for, or did not do what he waived on the hearing. He cannot be heard in this Court to complain of the decree of the circuit court rendered under such circumstances.

In this view of the case, I have not thought it necessary to inquire into the validity of the complainant's title. I am therefore of opinion, that the decree should be affirmed, as to the appellee, but without prejudice to any rights of the trustees or creditors of said Bank.

Therefore, the decree is affirmed, as above indicated with costs to the appellee, Mathews, and $30 damages.

The other Judges concurred.

DECREE AFFIRMED.