# CHARLESTON.

LINN v. COLLINS *et al.*

Submitted Sept. 13, 1899—Decided Dec. 2, 1899.

1. INSOLVENT — *Assignment* — *Vendor's Lien*—*Purchaser* — *Caveat Emptor.*

Where a party who is insolvent makes a general assignment of his property, for the benefit of all of his creditors, to a trustee, and in said deed of assignment two parcels of real estate are conveyed, upon each of which the assignor owes a balance of purchase money, secured by vendor's lien, which tracts are advertised and sold by the trustee, without mentioning the liens in the notice of sale, to a party who is a large creditor of the assignor, for an adequate price, without reference to the liens, caveat emptor does not apply, and such purchaser, in the circumstances, has the right to discharge such liens out of the purchase money. (p. 253.)

2. CREDITORS—*Application of Proceeds.*

The other creditors of said assignor in such case would not be allowed to participate in the distribution of the proceeds of the sale until the amount of said liens is deducted therefrom and applied to the extinguishment of said liens. (pp. 253-254.)

Appeal from Circuit Court, Gilmer County.

Bill by R. G. Linn, trustee, against Spencer Collins and others. Decree for plaintiff, and defendant appeals.

*Reversed.*

J. M. HAMILTON, for appellants.

LINN, WITHERS & BRANNON, for appellee.

ENGLISH, JUDGE:

On the 22d day of February, 1893, Robert F. Kidd and wife executed to R. G. Linn, trustee, a deed of assignment, whereby Kidd conveyed to said trustee all of his property, to be applied pro rata to the payment of his debts, providing therein that it should be the duty of said trustee, as soon as practicable, to sell the real and personal property therein conveyed, on a credit, and upon the terms therein

set forth, and out of the net proceeds to pay the several
creditors who should prove their debts as therein required,
pro rata.   A part of said real estate so conveyed was four
and one-half eights, undivided, in a lot of two hundred and
forty-five acres of the Joshua Reed farm, on Sycamore;  one
undivided half in the dower lot of one hundred and fifteen
acres conveyed to said Kidd and Louis S. Reed and the
heirs of Joshua Reed; and sixteen-seventeenths of lot No.
21 on Main street, in the town of Glenville, West Virginia,
being the same property on which said Kidd resided at the
date of said assignment.   In pursuance of said deed of as-
signment, said trustee advertised all of said property for
sale on the 5th of June, 1893, at which sale Spencer Collins
became the purchaser; bidding for said Kidd's interest in
the Reed farm two thousand two hundred dollars, and for
the Glenville lot one thousand dollars; complying with the
terms of sale by executing his notes, with A. S. McQuain
and S. A. Hays as his sureties.   Nothing having been paid
on said notes, Linn, trustee, filed his bill in the circuit
court of Gilmer County, against said Collins, seeking to
subject said real estate to sale to satisfy the same.   A por-
tion of the original purchase money for said lot and the in-
terest in said Reed farm remained unpaid at the time said
deed of assignment was executed to Linn, trustee, and
vendor's liens had been retained to secure this unpaid pur-
chase money.   The defendant Collins, in his answer to
plaintiff's bill, claims that previous to said sale there was
an understanding with the trustee and Hays, one of the
principal creditors, whereby he was to bid one thousand
dollars for the house and lot in Glenville, and two thousand
two hundred dollars for said Kidd's undivided interest in
the Reed farm, and was to become the purchaser of said
real estate, if knocked off to him at said bids, and was to
have said purchase money applied first to the discharge of
said vendors' liens.   Defendant also claims that he stated
at the time the advertisement of sale was mentioned that
he would not buy the lands at all, subject to said liens.
Depositions were taken in the cause both for plaintiff and
defendant; and several of those taken for defendant were
excepted to by defendant Hays, so far as they related to a
parol agreement between Collins and exceptor, or exceptor

and R. F. Kidd. A decree was rendered holding that the plaintiff was entitled to recover from the defendant the amount of his purchase-money notes, with their accrued interest, without allowing him to apply any portion thereof to the extinguishment of said vendors liens, and directing that unless the defendants, Spencer Collins, S. A. Hays, and A. S. McQuain, should pay to the plaintiff, R. G. Linn, trustee, four thousand and ninety three dollars and eighty-six cents, with interest thereon from the 4th of February, 1898, until paid, within thirty days from the rise of the court, that certain special commissioners therein named should advertise and sell said property upon the terms and in the manner therein indicated. From this decree said Collins obtained this appeal.

The question presented for our determination in this cause is whether the appellant was entitled to apply a sufficient portion of the purchase money bid by him for said real estate to extinguish the vendors' liens existing against said property to secure the balance remaining unpaid by said Kidd, and, as to his claims against Kidd, to a pro rata with the other creditors as to the residue of the purchase money. I can see nothing inequitable that would result from allowing Collins to pay off said vendor's liens. He seems to have bid a fair price for the property, without reference to the vendors' liens existing thereon. In the notice of sale, said trustee gave a general description of said lot and interest in the Reed farm, and remained silent as to the vendors' liens existing against them. Now, if Kidd had sold and conveyed this property himself, with the same general description, for the purpose of raising money to discharge his indebtedness, he would not thereby have deprived the owners of these vendors liens from enforcing their liens against the property. Can we say that by conveying to Linn, trustee, he conferred upon him the right to sell said property free from said liens? In other words, could Kidd confer upon said trustee more than he himself possessed? Kidd's creditors had a right to satisfaction out of his property, subject to the valid liens existing thereon. Collins himself appears to have been one of Kidd's largest creditors. This was a very different case from that of *Fleming* v. *Holt*, 12 W. Va. 143, in which there

was a deed of trust executed to a trustee to secure the pay-
ment of a particular debt therein described; while in the
case at bar there was a general assignment by Kidd for
the benefit of all of his creditors,—Collins among the num-
ber. 2 Beach., Mod. Cont. § 1246, thus states the law:
"Under a general assignment for the benefit of creditors,
the assignee takes the choses in action of his assignor, not
as a purchaser for value, but as a volunteer, and therefore
subject to all the defenses and equities existing against
them in the hands of the assignor. The assignee is the
mere representative of the assignor and his estate, and
stands in his shoes." Burrill, Assignm. (page 517, § 374),
says: "The maxim *caveat emptor* does not apply to the
case of a sale by assignees for the benefit of creditors,
whether the property be real or personal. And where an
assignee under a voluntary assignment for the benefit of
creditors sold at public sale a tract of land which had been
purchased by the assignor under articles of agreement
duly recorded, and in the advertisement it was described
generally as a tract of land belonging to the assignor, it
was held that the purchaser at the assignee's sale was en-
titled to a deduction from the purchase money of the
amount due the original owner." Suppose Collins is al-
lowed, out of said purchase money, to pay off the vendors'
liens on said lot and tract of land; could R. F. Kidd or his
creditors say that they were prejudiced thereby? Linn,
in making the sale, surely did not sell more than Kidd
owned at the time the assignment was made. All parties
had notice and understood that a balance of purchase
money was secured by vendors' liens reserved thereon, and
if the property was sold for an adequate price without ref-
erence to said liens, as it appears to have been, the credi-
tors would obtain the benefit of all that Kidd was entitled
to if these liens were discharged by Collins out of the pur-
chase money. Without reference to the testimony which
seems to be somewhat conflicting, I am of opinion that, as
a matter of equity, the appellant had the right to pay off
said vendors' liens, and, to that extent, was entitled to a
credit on his purchase money notes executed to said Linn,
trustee, and that S. A. Hays and the other creditors of
Kidd were not entitled to participate in the pro rata distri-

bution of the proceeds of said sale until the amount neces-
sary to pay off and discharge said vendors' liens was de-
ducted therefrom, and Collins allowed to apply the same
in discharge thereof. For these reasons, the decree is re-
versed and the cause remanded.

*Reversed.*