# CHARLESTON.

MARY ELIZABETH CRICKENBERGER et als. v. W. N. JASPER et als.

(No. 6082)

Submitted February 21, 1928.    Decided May 8, 1928.
(As Modified on Denial of Rehearing October 3, 1928)

WILLS—*Assignee for Benefit of Creditors Held Not "Bona Fide Purchaser for Value" Within Statute Protecting Title of Purchaser From Heir in Absence of Probate of Will Within Certain Period (Code, c. 72, § 6a; c. 77, § 35).*

A trustee in a deed of assignment by an insolvent debtor for the benefit of his creditors is not a bona fide purchaser for valuable consideration within the meaning of section 35, chapter 77, Code, providing: "The title of a bona fide purchaser without notice and for valuable consideration from the heir or heirs at law of a person who died having title to any real estate of inheritance in this state shall not be affected by a devise of such real estate made by the decedent, unless within three years after the testator's death the will devising the same, or if such will has been proved without this state, an authenticated copy thereof shall be admitted to probate and record, by the court having jurisdiction for that purpose, or by the clerk thereof, as a will of real estate."

(Wills, 40 Cyc. p. 1256.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllibi.)

Appeal from Circuit Court, Greenbrier County.

Suit by Mary Elizabeth Crickenberger and others against W. N. Jasper and others, trustees, for an injunction and to cancel a deed of trust. From a judgment for plaintiffs, defendants appeal.

*Affirmed.*

*D. C. T. Davis, Jr.* and *Dice & Easley,* for appellants.
*F. R. Hill* and *S. M. Austin,* for appellees.

LITZ, JUDGE:

Elizabeth E. Nelson died testate March 2, 1908, seized and possessed of a residence property near the Town of Lewisburg, containing about five acres. By her last will and testament

(discovered March 11, 1927), she devised all of her estate to her son and only heir, William Edgar Nelson, for life and the remainder to his children. Being hopelessly insolvent, by deed, dated June 17, 1926, he conveyed this land and all of his property to W. N. Jasper, E. L. Bell and E. W. Sydenstricker, "trustees", with direction to sell the same and apply the proceeds to the payment of his debts, according to their legal priority. The trustees having published notice of sale under the deed, this suit was instituted by the children of William Edgar Nelson to enjoin the sale in fee of the said residence property and cancel the deed insofar as it purports to convey more than his life estate therein. A preliminary injunction awarded by Judges of this Court was perpetuated on final hearing before the circuit court. The defendants appealed.

The sole question for determination is whether the assignee in a general assignment by an insolvent debtor for the benefit of his creditors, without preference, is a "bona fide purchaser * * * for valuable consideration" within the meaning of section 35, chapter 77, Code, providing: "The title of a *bona fide purchaser without notice and for valuable consideration* from the heir or heirs at law of a person who died having title to any real estate of inheritance in this state shall not be affected by a devise of such real estate made by the decedent, unless within three years after the testator's death the will devising the same, or if such will has been proved without this state, an authenticated copy thereof shall be admitted to probate and record, by the court having jurisdiction for that purpose, or by the clerk thereof, as a will of real estate."

Relying upon decisions of this Court to the effect that the trustee in a trust deed is a purchaser for value, the defendants take the affirmative of the issue.

*Linn* v. *Collins*, 47 W. Va. 250, involving a general assignment for the benefit of creditors, without preference, distinguishes such transfer from the ordinary trust deed to secure a debt. In that case the purchaser from the assignee claimed credits on the purchase price for discharging certain liens

against the property after the sale. The assignee resisted the claim under the ruling of *Fleming* v. *Holt,* 12 W. Va. 143, in which a sale had been made by the trustee in a trust deed securing a particular debt. In deciding that the purchaser was entitled to the credits asserted, the court said: ''This is a very different case from that of *Fleming* v. *Holt,* 12 W. Va. 143, in which there was a deed of trust executed to a trustee to secure the payment of a particular debt therein described; while in the case at bar there was a general assignment by Kidd (the grantor), for the benefit of all his creditors —Collins among the number. 2 Beach., Mod. Cont., sec. 1246, thus states the law: 'Under a general assignment for the benefit of creditors, the assignee takes the choses in action of his assignor, *not as a purchaser for value,* but as a volunteer, and therefore subject to all the defense in equity existing against them in the hands of the assignor.' '' In 14 R. C. L. 656, it is stated: '' There are a few decisions which indicate that under some conditions an assignee for the benefit of creditors may be in the position of a bona fide purchaser for value of the assigned property; but the vast preponderance of authority holds the contrary. Consequently as a general proposition, the assignee takes the assigned property subject to all encumbrances and to every defect of title to which it was subject in the hands of the assignor, and any defense that would be good against the assignor would be good against the assignee.'' *Linn* v. *Collins, supra,* is cited as one of the many cases supporting the text. ''By an assignment for the benefit of creditors, the assignee acquires all title, right, and interest of the assignor, and as against the assignee and those holding under him the debtor has no interest in the property, legal or equitable, which he can convey or encumber. The title acquired by the assignee is that of the legal owner of the property, and it has been held that his title is absolute and not in the nature of a lien; otherwise an assignee could not convey an irredeemable title to the lands assigned until he had foreclosed the rights of the subsequent parties. * * * Although in one jurisdiction it has been held that an assignee for the benefit of creditors occupies the position of the pur-

chaser for a valuable consideration, the vastly preponderating current of authority is to the effect that neither the assignee of an insolvent debtor under a voluntary debt of assignment, nor the creditors whom he represents, in so far as he may be said to represent them, are purchasers for a valuable consideration, without notice, as against prior equitable claims, unless some consideration passes at the time of the assignment.  The assignee succeeds only to such title as the assignor had, with no higher or better rights, and such title, right, or interest as he acquires is subject to all the claims, liens, equities, defenses, and encumbrances which stand against the property and might have been urged against the assignor at the time of the execution of the assignment.  In other words, the assignee's standing in regard to the property assigned is a representative one.  He cannot claim anything to which his assignor had no right, nor has he any greater right to recover property by litigation than the assignor would have had if no assignment had been made.  There are no rules, equities or presumptions in his favor except such as would have been equally applicable to the assignor in the absence of an assignment.'' 5 C. J. 1187-9.

In *Harrison's Exor.* v. *Farmers Bank of Virginia, et al.,* 9 W. Va. 424, it is stated, as a reason why the title of a trustee in a deed of general assignment for the benefit of creditors is superior to the lien of a subsequent execution issued in favor of a particular creditor, that such trustee is a purchaser for value.  This statement is mere dictum.  It is generally held that a general assignment for the benefit of creditors takes precedence over subsequent liens by execution or attachment, not because the assignee is a bona fide purchaser for value, but for the reason that the assignment passes to the assignee all property and every right of the assignor. 2 R. C. L. 655.  That case is, therefore, not authority for the rule contended for by the defendants, as prevailing in this state, that a trustee under a general assignment by an insolvent for the benefit of his creditors without preference takes the estate free from all outstanding equities.  Moreover, in West Virginia now a trustee under a general assignment for

the benefit of creditors occupies a position analagous to that of a trustee in bankruptcy, or a receiver for the estate of an insolvent. He acquires a legal status only by taking an oath and giving bond in a penalty double the amount of the ascertained estate, with sufficient surety, before the clerk of the county court of the county in which such assignment, conveyance, transfer or other instrument is or should be recorded, or such act is done, in the manner and with the effect as a personal representative of the estate of a decedent is qualified.

Section 6a, chapter 72, Code, (Acts 1905, c. 55), provides: "That a person appointed by an insolvent debtor as trustee in any assignment, conveyance, transfer or other act of such insolvent debtor, which is intended to operate as an assignment of all such debtor's property for the benefit of all of his creditors, or which does so operate under the laws of this state, shall not have the power of such trustee until he qualifies as such by taking an oath and giving a bond in a penalty double the amount of the ascertained estate, with sufficient surety, before the clerk of the county court of the county in which such assignment, conveyance, transfer or other instrument is or should be recorded, or such act is done, in the manner and with the effect as a personal representative of the estate of a decedent is qualified. And in case such person so appointed trustee by such insolvent debtor fails or refuses to so qualify the said county court shall appoint such trustee upon the application of any person interested. The oath of such trustee shall be that he will faithfully perform the duties of the office of trustee to the best of his skill and judgment, and will account for and pay over all money that comes to his hands as such trustee. Said bond shall be approved by said court, and conditioned that said trustee shall faithfully perform the duties of trustee to the best of his skill and judgment and account for and pay over all money that may come to his hands as such trustee. Upon the qualification of such trustee, there shall be appraisers appointed to appraise the estate of the insolvent debtor in the same manner and by the same authority that appraisers are appointed for the estate of a decedent, and such appraisers shall be governed

by the same laws and perform the same duties that appraisers of the estate of a decedent are governed by and are required to perform. And all such trustees as aforesaid shall appear before some one of the commissioners of accounts of the county court before which he qualified as such trustee and lay before such commissioner a report of his receipts and disbursements, and his vouchers for the same, in all respects and with like effect as is provided for fiduciaries generally by chapter 87 of the code of West Virginia.''

In the case of *Sandusky* v. *Faris,* 49 W. Va. 150, decided before the enaction of the statute last quoted, as distinguishing a general assignment for the benefit of creditors from an ordinary deed of trust to secure a debt, it is held that the former constitutes an absolute appropriation of the property assigned for the immediate payment of debts, and that the act of the debtor in making the assignment is analagous to his consent to a decree directing the sale of his property for the same purpose. We are referred to *Marshall* v. *McDermitt,* 79 W. Va. 245, wherein it is held that trustees in deeds to secure creditors and the creditors secured are purchasers for value within the provisions of the recording acts. That case involved a deed of trust securing specific debts and not, as counsel for the defendants state, a general assignment for the benefit of all the grantor's creditors, without preference.

The decree of the circuit court canceling the deed insofar as it conveys more than the life estate of William Edgar Nelson in the said residence property and enjoining the sale accordingly, is affirmed.

*Affirmed.*