IRA W. BELCHER, *Trustee, v.* J. V. HUDDLE

(No. 8710)

Submitted May 24, 1938.   Decided June 14, 1938.

*Robt. J. Ashworth* and *Ned. H. Ragland,* for plaintiff in error.

*Sayre & Bowers,* for defendant in error.

Fox, Judge:

Ira W. Belcher, trustee under a general assignment for the benefit of creditors executed by Raleigh Radio and Refrigerator Company, complains of a judgment of the circuit court of Raleigh County, based on the verdict of a jury, denying recovery on a claim of $1,600.00, exclusive of interest, asserted by him against J. V. Huddle.

Prior to July 31, 1935, J. V. Huddle and T. L. Bays were partners in an electric appliance business under the trade name of Raleigh Radio & Refrigerator Company. On July 22, 1935, a charter was issued incorporating the said company, and a first meeting of stockholders and directors held on the 10th day of August, 1935. The business of the partnership was transferred to the corporation as of July 31, 1935, and a balance sheet showing the assets and liabilities of the corporation or partnership was made up as of that date. Among the assets listed was $1,600.00 represented as due from J. V. Huddle. This balance sheet was made up by independent auditors, and was supposed to represent the status of the business as shown by the books of the company, and the same was used with credit agencies. On the ledger account kept by the corporation this item was carried against Huddle as of March 31, 1936. Prior to this date, about the end of 1935, Huddle, the general manager of the company, directed his bookkeeper to charge off this item as dividends, but on objection of creditors it was restored. It is in evidence that at least three creditors knew of this alleged asset, but whether it was known to others is not shown. The corporation later passed into other hands, was unable to meet its liabilities, and on August 4, 1936, executed a general assignment of its assets for the benefit of its creditors, naming the plaintiff as trustee therein.

The plaintiff proceeded by notice of motion, and seeks recovery on the allegation that the defendant was on July 31, 1935, indebted to the Raleigh Radio & Refrigerator Company, a corporation, in the sum of $1,600.00

which he promised to pay on demand, and payment of which was demanded and refused.

The defense to the action was that the defendant was not indebted to the corporation in any sum; that the sum of $1,600.00 was paid to him by the partnership, and a like sum to T. L. Bays, representing its profits prior to the transfer of its assets to the corporation, and that the entry of the charge on the books was an error of the auditor. To this defense, the plaintiff responded that the entering of said charge upon the balance sheet and ledger of the corporation, and permitting it to remain thereon, operated to estop Huddle from raising the question of actual indebtedness. The trial court held that in a suit instituted by the corporation, or its trustee, a showing of actual indebtedness to the corporation was necessary, and so instructed the jury, with the result that a verdict for the defendant was returned upon which the court entered judgment, and to which the plaintiff prosecutes this writ of error.

The plaintiff, having proceeded by notice of motion, is necessarily confined to recovery on the basis of a contract. Code, 56-2-6. The notice of motion avers an indebtedness on the part of Huddle to the corporation and a promise to pay. The defendant, of course, had the right to defend upon the ground that he was not indebted to the corporation. This is a defense which he would have had the right to make against the corporation had it instituted a suit on this claim prior to the general assignment for the benefit of creditors, and the trustee, plaintiff herein, with respect to this action, stood in exactly the same position as the corporation itself would have stood had it asserted this claim by suit. In *Crickenberger* v. *Jasper*, 105 W. Va. 638, 144 S. E. 576, this court held:

> "A trustee under a general assignment for the benefit of creditors occupies a position analogous to that of a trustee in bankruptcy, or a receiver for the estate of an insolvent."

In that case the court quoted with approval from 5 Corpus Juris, pp. 1187-9. A more modern statement of the doctrine relied upon in that case is found in 6 Corpus Juris Secundum, pp. 1316-17, from which we quote.

"By an assignment for the benefit of creditors, the assignee acquires all the title and estate of the assignor; and where no one else has an interest in the property in question, the assignment transfers to the assignee all the title and interest any one has in the property. On the other hand, the assignee acquires by the assignment no greater, higher, or better right, interest, or title in or to property than the assignor had."

\* \* \* \*

"Although in a few jurisdictions it has been held that an assignee for the benefit of creditors occupies the position of a purchaser for a valuable consideration, the preponderating current of authority is to the effect that neither the assignee under a voluntary deed of assignment, nor the creditors whom he represents, in so far as he may be said to represent them, are purchasers for a valuable consideration, without notice, as against prior equitable claims, unless some consideration passes at the time of the assignment. Such title, right, or interest as the assignee acquires is subject to all the claims, liens, equities, defenses, and encumbrances which stand against the assignor at the time of the execution of the assignment."

See also 2 Ruling Case Law, p. 656; 4 American Jurisprudence, pp. 384, 391; *Linn* v. *Collins,* 47 W. Va. 250, 34 S. E. 916, 81 Am. St. Rep. 788.

But the plaintiff contends that the action of Huddle in permitting the $1,600.00 item to remain on the books of the corporation, as a charge against him, at a time when he was president and general manager thereof, and allowing statements of its financial condition to be circulated among credit agencies and its creditors, showing such charge, estops him from denying that he was indebted to the corporation in that sum. While it may be

true that such conduct on the part of Huddle would estop him from denying his liability, to the extent of said charge, to such creditors as might have extended credit to the corporation on the faith thereof, it is not perceived how the conduct of Huddle can be used to create a liability in favor of those who never heard of such conduct and did not rely on it. Estoppel may only be invoked by one who has been induced to change his position to his prejudice by reason of the conduct of the person against whom it is invoked. The elements of estoppel in *pais* are clearly defined in *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537; *Norfolk & Western Railway Company* v. *Perdue,* 40 W. Va. 442, 21 S. E. 755. The party invoking estoppel must have relied upon the conduct of the party against whom it is invoked, and must have changed his position for the worse. Under the cases above cited, the corporation itself could not invoke estoppel against Huddle to enforce its claim, because if Huddle was not indebted to it, the corporation knew that fact, and any admissions of indebtedness would amount to nothing more than proof of a fact which the jury had a right to consider in determining whether or not the corporation was entitled to recover. Here only three creditors of the corporation, out of a possible thirty or forty, are shown to have relied on the conduct of Huddle in allowing the charge item of $1,600.00 to remain on the books of the corporation; the amount of their loss growing out of this conduct is not shown. Can it be said that under these conditions Huddle should be held liable for the entire $1,600.00 for the benefit of creditors who, so far as this record discloses, were not misled to their prejudice by what Huddle did? We have been unable to find any authority in support of the proposition that the assignee bears such a relation to creditors as to permit him to invoke estoppel for their benefit. This is a right personal to the creditors, depending on whether or not they are in position to invoke it. We think the circuit court was correct in instructing the jury that the assignee could not recover unless there was an actual

indebtedness from Huddle to the corporation, submitting the question of whether or not such indebtedness existed, and in declining to permit the assignee of the corporation to invoke the doctrine of estoppel to support his claim to recover.

It results from these conclusions that the judgment of the circuit court will have to be affirmed. In taking this action, however, it must be understood that it does not affect the independent right of the creditors of the Raleigh Radio and Refrigerator Company, in a proper suit or action, to endeavor to assert their rights against Huddle by reason of his conduct in connection with the $1,600.00 item referred to herein.

The judgment of the circuit court of Raleigh County is affirmed.

*Affirmed.*