# WHEELING

SMITH v. VINEYARD.

Submitted March 9, 1905.　Decided June 16, 1905.

1. SUIT IN EQUITY—*Partition of Real Estate—Conflicting Claims of Title*
    Where, in a suit in equity for partition, it appears that the plaintiff, asking partition, and the defendants, against whom partition is asked, are tenants in common, joint tenants or co-parceners in the real estate sought to be partitioned, and as such compellable, under the statute, to make partition, the circuit court has power to pass upon all conflicting claims to the title to such real estate of the parties so compellable to make partition. (p. 100).

2. DEED FROM WIFE TO HUSBAND.
    A deed for real estate made by a married woman to her husband, while they were living together, in which deed the husband did not join, passed no title or interest, either legal or equitable, in such real estate to the husband. (p. 101).

Appeal from Circuit Court, Roane County.

Suit by Aristotle Smith against Pocahontas Vineyard and others.　Bill dismissed on demurrer and plaintiff appeals.

*Reversed.*

SCHILLING & HARPER, for appellant.

J. A. VANDALE and WALTER PENDLETON, for appellees.

COX, JUDGE:

This is an appeal from a decree of the circuit court of Roane county, entered on the 6th day of May, 1904, in a suit in equity instituted on the 6th day of January, 1904, wherein Aristotle Smith was plaintiff and Pocahontas Vineyard and others were defendants.　The object of the suit is to partition a tract of two acres of land in Roane county between the children and heirs at law of Elizabeth A. Smith, deceased, or between two of the children and the alienee of the other child.　Upon demurrer the bill was dismissed.　Of this action of the court the plaintiff complains.

It appears from the bill as follows:　I. D. Smith died November 3, 1894.　Elizabeth A. Smith, his wife, died intestate November 29, 1896.　This two acre tract of land was conveyed by B. J. Taylor to Elizabeth A. Smith by a deed bearing date the 18th of June, 1869.　Elizabeth A. Smith made

a deed, bearing date the 8th day of January, 1894. for this land to her husband, I. D. Smith, in which deed he did not join. This deed was recorded. I. D. Smith made a deed, bearing date the 24th of January, 1894, for this land to his daughter Ann E. Looney, intermarried with William L. Looney. Ann E. Looney and husband in turn made a deed, bearing date the 28th of March, 1903, for this land to defendant Elizabeth Stump. Aristotle Smith, Pocahontas Vineyard and Ann E. Looney are the only children and heirs at law of Elizabeth A. Smith, deceased.

It is contended by the counsel for the defendants, that a court of equity has no jurisdiction to partition this land, because in so doing it would be necessary to pass upon an adverse and hostile claim of title by Ann E. Looney and her alienee, Elizabeth Stump, to the whole tract. Section 1 of chapter 79 of the Code, provides that tenants in common, joint tenants and coparceners, shall be compellable to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings. This enabling provision of our statute has many times been passed upon by this Court. At first glance there seems to be an apparent conflict in our decisions, as to the extent of the power of a court of equity to pass upon conflicting claims to real estate in a partition suit, which upon closer examination disappears. Our earlier cases appear to give a very broad interpretation to the statute in this regard. In *Hudson* v. *Putney*, 14 W. Va. 561, it was said that under this section, when the title is doubtful, a court of equity should decide it, observing the general rules of practice in equity for ascertaining facts, either by a jury or otherwise, as may be most proper. In *Moore* v. *Harper*, 27 W. V. 362, it was said that under this section a court of equity in a suit for the partition of lands may take cognizance of all questions of law affecting the legal title that may arise in the proceedings, such as removing a cloud from the title or passing upon an adverse claim to the land. These cases seem broad enough to enable a court of equity to pass on and determine the claim of a stranger holding a wholly adverse and hostile title, but our later cases,

reviewing the former decisions, have not so construed them. *Carberry et al.* v. *W. Va. & P. R. Co.*, 44 W. Va 260; *Cecil et al.* v. *Clark et al.*, 44 W. Va. 659. In the latter case JUDGE BRANNON, delivering the opinion of the Court, said, in relation to the construction given the statute by the cases of *Hudson* v. *Putney* and *Moore* v. *Harper*, that "This is broad enough in words to allow a stranger's title to be tried but it does not mean that; but it surely does mean that an adverse claim to the same title may be passed upon." In the opinion in *Carberry et al.* v. *W. Va. & P. R. Co.*, it was said: "It is needless to expand here upon the proposition that equity will not entertain a bill which is but an action of ejectment, and thus try adverse title, unless it be incidental to relief under a known head of equity jurisdiction." Under this provision of the statute, and under our decisions, as we understand them, the circuit court has the power to pass upon questions of law affecting the legal title only in the exercise of its jurisdiction of partition. If it appears, as a jurisdictional fact, in a suit in equity for partition, that the party or parties asking partition, and the party or parties against whom partition is asked, are tenants in common, joint tenants or coparceners in the real estate sought to be partitioned, and as such compellable under the statute to make partition, the circuit court has power incident to its jurisdiction, to pass upon all conflicting claims to the title to such real estate of the parties so compellable to make partition, arising in the suit. If the jurisdictional fact, viz: the existence of one of the forms of co-tenancy mentioned appears, the jurisdiction of the court is not defeated by the claim of one or more of the defendants that the fact does not exist. One of the defendants may claim the whole of the real estate sought to be partitioned, and may claim to have ousted the other and to be in sole possession, yet if the fact appears that one of the forms of co-tenancy mentioned actually exists, the court may pass upon the conflicting claims to title of the co-tenants as long as the plaintiff's right of entry is not barred by the statute of limitations. *Cecil et al.* v. *Clark et al.*, *supra; Hudson* v. *Putney*, *supra; Carberry et al.* v. *W. Va. & P. R. Co.*, *supra; Davis* v. *Settle*, 43 W. Va. 17; *Pillow* v. *Southwest Improvement Co.*, 92 Va. 144 (23 S. E. Rep. 32); Code, chapter 79, section 1.

Upon the facts alleged had the circuit court jurisdiction of partition in this case? This leads us to consider the deed made by Elizabeth A. Smith to her husband, I. D. Smith, while they were living together. We must presume that they were living together, the contrary not appearing. The husband did not join in this deed. Under our law, this deed had no legal effect as to the real estate sought to be conveyed thereby. It did not divest Mrs. Smith of her title and estate in the land, and did not pass any title or interest, legal or equitable, to her husband. *Austin* v. *Brown*, 37 W. Va. 634; *Cecil et al.* v. *Clark et al.*, *supra.* No title having passed by this deed to the husband, I. D. Smith, his deed to his daughter, Ann E. Looney, passed no title or interest to her. Upon the death of Elizabeth A. Smith this land passed by descent to her children and heirs at law; Aristotle Smith, Pocahontas Vineyard and Ann E. Looney, share and share alike. Whether or not the one-third interest, which descended, upon the death of her mother, to Ann E. Looney passed by her deed, in which her husband joined, to Elizabeth Stump, does not appear from the allegations of the bill. Neither the deed, nor a copy of it, is exhibited. The provisions of this deed should be made to appear in the cause. If the one-third interest, which descended to Ann E. Looney, passed under her deed to Elizabeth Stump, then Elizabeth Stump is a co-tenant with Aristotle Smith and Pocahontas Vineyard and partition lies at the suit of the plaintiff. If this one-third interest did not pass under the deed to Elizabeth Stump, then Ann E. Looney is still a co-parcener with Aristotle Smith and Pocahontas Vineyard and partition lies at the suit of the plaintiff. In either case it is obvious that the plaintiff is entitled to partition, his right not having been barred by the statute of limitations at the time this suit was brought. The circuit court having jurisdiction under the facts alleged in the bill, may settle the questions of law affecting the title arising in this cause. It follows that the demurrer to the plaintiff's bill should not have been sustained and the bill should not have been dismissed.

The decree of the circuit court of Roane county, complained of, being erroneous, is reversed, and the demurrer to

plaintiff's bill is overruled, and this cause is remanded to be further proceeded with in accordance with the principles announced in this opinion, and the rules governing courts of equity.

*Reversed.*