## CHARLESTON.

BOONE v. HESS DUSTLESS MINING MACHINE CO. *et al.*

Submitted September 1, 1915.    Decided October 5, 1915.

1. SPECIFIC PERFORMANCE—*Certainty—Agreement to Assign Patent—Future Inventions.*

   An agreement to assign patents, which does not plainly express a purpose to embrace future inventions, will not be specifically enforced as to the latter. (p. 717).

2. COURTS—*Infringements of Patent—Jurisdiction of State Court.*

   A state court has no jurisdiction in relation to infringement of patents. (p. 717).

Appeal from Circuit Court, Fayette County.

Suit by Daniel Boone against the Hess Dustless Mining

Machine Company and others.  From decree for defendants,
plaintiff appeals.

*Affirmed.*

*Osenton & Horan,* for appellant.

*R. T. Hubard, Jr.,* and *F. N. Bacon,* for appellees.

ROBINSON, PRESIDENT:

By this suit in equity Boone seeks the enforcement of an
alleged contract whereby Hess was to assign him a one-half
interest in certain mining machine inventions.  Other relief
incidental to his alleged right in the inventions is also asked.
The bill was dismissed on demurrer.  We find that it was
properly dismissed.

Hess was the inventor of the mining machinery.  Boone
furnished the money to take out patents thereon, and Hess
assigned him a one-half interest in the applications for the
three patents.  Two of the patents were issued, to Hess and
Boone jointly.  The other application is still pending.  Hess
later invented and patented other machines and appliances,
assigning rights therein to Page.  Boone claims that these
subsequent inventions were only improvements of the first
inventions, and that the contract with him embraced a one-
half interest in such improvements.  He charges that Hess
and Page entered into collusion to oust him of his rights, by
taking out new patents in their own names with only slight
changes over the old.

The contract which the plaintiff sets up in his bill as the
one he had with Hess can not be interpreted as embracing the
subsequent patents awarded to Hess and Page.  Nowhere does
the bill clearly and definitely state that Boone was to have an
interest in Hess's inventive genius to the extent of a right in
all subsequent inventions or patents for machinery of the
same  general  purpose  as  that  originally  invented  and
patented.  The allegations of the bill as to what the contract
was, particularly when taken in the light of the written
assignments made by Hess to Boone, are not sufficient to
assert that Boone has an interest in the patents issued to Hess
and Page.  As much as is assuredly asserted, is that Hess
agreed to assign a one-half interest in the inventions covered

by the original applications for patents. At the most, the allegations of the bill make it extremely doubtful whether the parties by their agreement contemplated other inventions than those already worked out when they contracted with each other. An agreement to assign patents not yet secured, may be enforced, when sufficiently definite as to the subject matter, but if the parties intend to embrace future inventions, language plainly expressing such a purpose must be used. 30 Cyc. 944. If the plaintiff meant to assert a right in the subsequent patents, he has done so in such an obscure and uncertain way that equity will not listen to his prayer for specific enforcement. In a suit for the specific enforcement of a contract, the court, in order to frame a decree in accordance with the intent of the parties, must be clearly apprised of that intent in all essential respects.

The bill is really one complaining of the infringement of patents and asking injunctive relief in the premises. A state court has no jurisdiction of such bill. The jurisdiction is exclusively in the courts of the United States.

An order will be entered affirming the decree.

*Affirmed.*