# CHARLESTON.

### E. K. MAHAN v. R. B. FERRELL *et als.*

### (C. C. 335.)

Submitted January 20, 1925. Decided January 27, 1925.

PARTITION—*Bill by Cotenant for Partition Held Good on Demurrer.*

> Where a bill for partition of real estate shows by paper title that the plaintiff and all the defendants, are tenants in common in said realty, with the exception of one defendant, and as to him alleges that he claims some interest therein, of which the plaintiff is not advised, but makes the allegation that he is in fact a tenant in common with the plaintiff, and if there is no title set up in the bill in said defendant, nor any facts that amount to a denial of such co-tenancy, such bill will be held good on demurrer.

> (Partition, 30 Cyc. p. 216.)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Mingo County.

Suit by E. K. Mahan against R. B. Ferrell and others. After sustaining demurrer to plaintiff's amended bill, trial court certified questions.

*Reversed.*

*Bias & Chafin,* for plaintiff.

*Goodykoontz, Scherr & Slaven,* for defendant John W. Warnick.

WOODS, JUDGE:

The Court below sustained the demurrer to plaintiff's amended bill, and, of its own motion, has certified certain questions raised by the demurrer to this Court for determination.

This is a suit for partition of Lot Number 29, Block Number 5, City of Williamson. The bill sets up the fact that on March 4, 1893, the lot in question was conveyed by Williamson Mining & Manufacturing Company unto B. D. Williamson and Parlee Williamson, his wife, and that said grantees owned and held the title jointly, until the death of B. D. Williamson, who died in 1909, intestate, leaving his widow and seven children.

Plaintiff, E. K. Mahan, alleges title in himself through said Parlee Williamson, for her one-half undivided interest, by deed of December 20, 1923, and who by the same instrument assigned and transferred to this plaintiff all her rights in, and claims to rents and profits collected and retained by another to which she as owner of the undivided one-half interest, was entitled.

That by deed of December 20, 1923, Parlee Williamson, widow, and as an heir-at-law of her son, John B. Williamson, who theretofore departed this life, and certain of her other children, heirs-at-law of B. D. Williamson, conveyed their interest in the undivided one-half of said lot, of which B. D. Williamson died seized, to the defendant R. B. Ferrell.

By reason of these two conveyances, the bill alleges that the state of the title, theretofore owned by the Williamsons under the deed of March 4, 1893, is as follows:  (1) The plaintiff is the owner of the undivided one-half interest formerly owned by Parlee Williamson; (2) the defendant, R. B. Ferrell, is the owner of a six-sevenths undivided interest in the one-half undivided interest of which B. D. Williamson died seized, subject to dower in the one-seventh undivided interest therein of which John B. Williamson died seized; (3) the defendant, Edna B. Williamson widow of John B. Williamson, is entitled to dower in the undivided one-seventh interest of her deceased husband in the said undivided one-

half interest of B. D. Williamson; and (4) the defendant, Roland T. Williamson, is the owner of an undivided one-seventh interest in the undivided one-half interest of which B. D. Williamson died seized, the said Roland T. Williamson being one of the seven heirs-at-law of B. D. Williamson.

Thus we see that the paper titles set up in the plaintiff and defendants, R. B. Ferrell, Roland T. Williamson and Edna B. Williamson, make them cotenants. Had there been no other allegations in the amended bill as to ownership, or claims to ownership, in the said lot sought to be partitioned, aside from those already named, the duty of the Court would be plain.    There could be no doubt but that the plaintiff and the defendants, Ferrell and the two Williamsons, are tenants in common.    Being tenants in common the plaintiff cotenant could compel partition of the land, under the provision of Chapter 79, Section 1, Barnes' Code.

But plaintiff's amended bill goes further by making John W. Warnick, who is the demurrant in this cause, a party defendant, and makes the following allegations as to his alleged interest therein:

> "That many years ago, as your complainant is informed and upon information avers, the defendant, John W. Warnick, professing to have title or color of title to the undivided one-half interest in said real estate theretofore owned by the said B. D. Williamson, or to have some title or color of title to some interest in the undivided one-half of said real estate theretofore owned by the said B. D. Williamson, entered into possession of said real estate, to-wit: Lot 29 in Block 5, and by himself or his tenants has continued to exercise control over and possession of the whole of the said lot and has received the full benefit of ownership from the whole of said lot and has received and collected the rents, issues and profits arising from said real estate and retained the whole of them without accounting to your complainant or his predecessor in title, the said Parlee Williamson, for their one-half thereof owing to them as the owners of the said undivided one-half, although whatever the validity or merits of the claim of title so made by the defendant, John W. Warnick, may be, he was, and could be, no more than a

98 W. Va.

cotenant of, first the said Parlee Williamson, and now the cotenant of your complainant as successor in title to the said Parlee Williamson, with the duty in law and equity to account to your complainant for a full one-half of all rents, issues and profits received by him under and by virtue of his possession of said real estate. Your complainant is not advised as to the validity or merits of the claims of title asserted by the defendants, John W. Warnick and R. B. Ferrell; but whatever the merits of the claims of the said defendants, they are, and each of them is and can be, only cotenants of this complainant, and either or both of them entitled to, and the valid owner of, not to exceed an undivided one-half interest in and to the real estate, the other one-half whereof is owned in fee simple absolutely by your complainant and your complainant is entitled to have an accounting made of the rents, issues and profits received by both the said defendants, Warnick and Ferrell, and to have paid unto your complainant his full undivided one-half thereof.''

In the light of the whole pleading, what is the actual legal relation of the demurrant, Warnick, to the other parties? The plaintiff in his original bill seems to allege that Warnick's claim extended to the whole of the lot. However, the allegation in the amended bill, heretofore set out, must be considered to be the interest that the pleader is advised that Warnick has in the lot in litigation.

The demurrant's counsel contend that these allegations show that Warnick holds adversely to the Williamson title; that he does not claim under the Williamsons, or under any predecessor or successor in their titles; that his is in fact a stranger title—one not derived from any person who was a co-owner with the plaintiff; and this being true the bill is demurrable. This is in accord with the holding of this Court in *Smith* v. *Vineyard*, 58 W. Va. 98, where the principle is stated that, under the guise of a suit for partition, equity will not take jurisdiction to settle title held or claimed by a stranger holding adverse. Other cases cited in support of this doctrine are, *Carberry* v. *Railway Company*, 44 W. Va. 260; *Davis* v. *Settle*, 43 W. Va. 17; *Pillow* v. *Improvement Company*, 92 Va. 144.

It is well settled that an independent hostile claim going to the whole property involved and denying *in toto* and *ab initio* the title of the parties claiming the joint ownership of the land cannot be set up and adjudicated in a partition suit brought by the latter.

But the plaintiff contends that the amended pleading does not warrant this interpretation. He insists that Warnick— "professing to have title or color of title to the undivided one-half interest in said real estate theretofore owned by the said B. D. Williamson or to have some title or color of title to some interest in the undivided one-half of said real estate theretofore owned by the said B. D. Williamson"—is in fact a cotenant. It will be observed from the quotation from the amended bill that the plaintiff says he is not advised as to the validity or merits of the claim asserted by the defendants Warnick and Ferrell, to the undivided one-half of the lot but that whatever title they have or claim to have they are, and each of them is, and can be only tenants in common with this complainant. That what is meant by the pleading, is that whatever claim Warnick may have to the lot in question is confined to the half undivided interest claimed by Ferrell. In support of his position he cites, *Cecil* v. *Clark,* 44 W. Va., 659, which holds that, "Persons deriving title from one cotenant will be regarded as tenants in common with the other cotenants." To the same effect, "Where two or more persons hold the same land accruing under different titles, or accruing under the same title but at different periods, they are tenants in common." Second Minor's Institutes, 4th Edition, 494.

Under liberal construction and interpretation allowed in equity pleading and practice the Court is inclined to adopt the view that the language employed in describing Warnick's interest means that whatever interest he may have is holden under the B. D. Williamson title—this would make him a cotenant. Where the title is denied, and depends upon doubtful facts, or questions of law, the Court will refuse relief until the right is established at law. *Straughan* v. *Wright,* 4 Rand. 493. The Court feels that the ends of justice will be best subserved by placing the plaintiff's own construction

upon his pleading. Of course, if on the hearing Warnick shows that his claim extends to the whole lot and is actually adverse and hostile, plaintiff cannot compel partition and will fail in his suit.

The demurrer to the amended bill should have been overruled, and we so certify.

*Reversed.*