# CHARLESTON.

ISAAC P. HAMRICK *et als. v.* MARIAH DODRILL *et als.*

(No. 5965)

Submitted November 15, 1927.    Decided November 22, 1927.

PARTITION—*As Incident to Partition Suit, Court May Adjudicate Claim of One of Parties to Entire Ownership of Common Title (Code, c. 79, § 1).*

A court of chancery may, as incident to a suit for partition of land, adjudicate the claim of one of the parties to the entire ownership of the common title under which the property is sought to be partitioned.

(Partition, 30 Cyc. p. 244.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Webster County.

Suit by Isaac P. Hamrick and others against Mariah Dodrill and others, to cancel a deed, and for partition. From a decree of dismissal, plaintiffs appeal.

*Reversed and remanded.*

*E. H. Morton* and *W. E. R. Byrne,* for appellants.
*W. S. Wysong* and *Haymond & Fox,* for appellees.

LITZ, JUDGE:

The plaintiffs appeal from a decree of the circuit court dismissing their bill of complaint for want of jurisdiction.

The bill alleges, in substance and effect, that the plaintiffs and defendants are the heirs at law of Benjamin Hamrick, deceased; that the said Benjamin Hamrick by his last will and testament devised to his widow, Naomi Hamrick, for life, certain real estate in the town of Webster Springs, Webster County, West Virginia, and that the remainder thereof, undisposed of by will, descended to his heirs at law; that the said Naomi Hamrick, who is now dead, attempted to convey the land in fee to the defendant Eli C. Hamrick; and that the

said land is not susceptible of partition in kind: and prays that the deed from Naomi Hamrick to the defendant Eli C. Hamrick be cancelled in so far as it purports to convey a greater estate than the life interest of the grantor therein, and that the property be sold and the proceeds divided among the parties according to their respective interests.

The circuit court, in dismissing the bill, did not consider the merits of the controversy, as to whether Naomi Hamrick acquired a fee simple or life estate in the property under the will of Benjamin Hamrick, deceased, which, after directing the payment of his funeral expenses and just debts, provides:

"I will to my beloved wife Naomi Hamrick to hold during her life for her support and maintenance the mansion house in which we now reside, and all the land on the Northeast side of Union Street, except four lots on the Southeast end between Union Street and the Alley running between Dr. McLaughlin's and Mrs. Wooddell's, situate in the town of Webster Springs.

"I direct that all the balance or other real estate owned by me be. sold by my administrators to the best advantage.

"I direct that all my personal property and effects be sold by my Administrators, except such part as my wife may desire to keep for her own use and benefit in her declining years.

"I direct that my Administrators collect all outstanding notes, bonds and deposits in my favor or due me in the National Exchange Bank of Sutton and Webster County Bank.

"I direct that my Administrators look after law suits now pending in Court, and when such suits' end to take charge of any recovery that may be in my favor, and to carry out any contract or contracts I may have relative to *lane* in such litigations or relative to coal thereunder and make proper settlement of any matter arising or growing out of such suits.

"I direct that all moneys arising from sales of my real estate and personal property or collection of outstanding debts due me or from Banks or any other source whatsoever be divided equally among my children, except what shall be required

to pay my burial expenses, just debts and expenses of Administration, and what may be necessary to pay for and place a suitable tombstone at my grave, which I direct that my Administrators have done.

· "I hereby appoint my son, Wm. G. Hamrick, Jr., and W. L. Wooddell my Administrators to carry out my will."

The chancery court should have determined the issue presented as incident to the main purpose of the suit of partitioning the land. Section 1, Chapter 79 of the Code, provides that tenants in common, joint tenants and coparceners, shall be compellable to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cognizance of all questions of law affecting the legal title that may arise in any proceedings.

"Section 1, Chapter 79, Code, authorizes a court of equity in partition cases to pass on all questions of law touching the legal title of any one claiming a share in the partition to the interest he claims, if his interest be such as, if valid, will make him a co-owner in the common subject with the plaintiff as holding under the same right or title under which the partition is to be made." *Davis* v. *Settle,* 43 W. Va. 18.

"If it appears, as a jurisdictional fact, in a suit in equity for partition, that the party or parties asking partition, and the party or parties against whom partition is asked, are tenants in common, joint tenants or coparceners in the real estate sought to be partitioned, and as such compellable under the statute to make partition, the circuit court has power incident to its jurisdiction, to pass upon all conflicting claims to the title to such real estate of the parties so compellable to make partition, arising in the suit." *Smith* v. *Vineyard,* 58 W. Va. 98.

The decree of the circuit court dismissing the bill for want of jurisdiction is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*