# CHARLESTON.

MRS. SUE PAYNE STEWART *v.* POLLACK-FORSCH COMPANY

(No. 6182)

Submitted April 17, 1928.     Decided April 24, 1928.

1. FRAUD—*Action for Fraud and Deceit Lies Against Person Making False or Fraudulent Representations as to Material Matter Inducing Another to Enter Contract and Sustains Damages.*

   An action on the case for fraud and deceit lies against a person for making false and fraudulent representations as to a material matter, whereby another is induced to enter into a contract and by so doing sustains damages.   (p. 459.)

   (Contracts, 13 C. J. § 304.)

2. APPEAL AND ERROR—*Error Not Specified on Motion for New Trial, and Not Made Subject of Special Bill of Exceptions, is Waived.*

   Error not specified on a motion for a new trial and not made the subject of a special bill of exceptions, will be treated as waived.   (p. 459.)

   (Appeal and Error, 3 C. J. § 863 ; 4 C. J. § 1786.)

3. DAMAGES—*Generally, Law Puts on One Committing Tort Risk of All Proximate Consequences.*

   As a rule, the law puts upon a person who commits a tort the risk of all proximate consequences of his wrong.   (p. 461.)

   (Damages, 17 C. J. § 81.)

4. SAME—*To Recover for Loss of Profits From Tort, They Must be Such as Would be Expected to Follow Naturally and Certain in Nature and Cause From Which They Proceed.*

   In order to recover for loss of profits as a result of such tort, they must be such as would be expected to follow naturally the wrongful act and are certain both in their nature and the cause from which they proceed.   (p. 461.)

   (Damages, 17 C. J. § 116.)

5. APPEAL AND ERROR—DAMAGES—*Law Leaves Amount of Damage From Tort to Jury's Sound Discretion; Verdict for Damages for Tort Will Not be Disturbed, Unless so Large as to Indicate Improper Influence.*

   In such case, the law leaves the amount to the sound dis-

cretion of the jury, and the appellate court will not disturb their verdict, unless the amount awarded is so large as to indicate that the jury acted under the impulse of some improper influence.    (p. 462.)

(Appeal and Error, 4 C. J. § 2847.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by Mrs. Sue Payne Stewart against the Pollack-Forsch Company.    Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Arthur F. Kingdon,* for plaintiff in error.

*Russell S. Ritz* and *George Richardson, Jr.,* for defendant in error.

WOODS, JUDGE:

This is an action of fraud and deceit for damages suffered as a result of the fraudulent inducement held out to the plaintiff by the defendant company through its agent and officer, moving her to execute and deliver a deed of trust incumbering all of her real estate for its benefit and resulting in the inability of plaintiff to obtain credit with which to carry on her well-established business.    Damage was laid in the sum of $15,000.00.    The jury returned a verdict for the plaintiff for $4,500.00, and, from a judgment entered thereon, the defendant brings error to this Court.

The plaintiff, Mrs. Sue Payne Stewart, is a retailer of ladies' ready-to-wear merchandise in the City of Bluefield, and has for a number of years enjoyed a large and extensive business, and has accumulated some property.    While at the time of the alleged fraud she was in need of ready money, she was in a position with her property to raise additional funds and carry on her business.    The defendant, The Pollack-Forsch Company, a wholesale concern, located at Cleveland, Ohio, was a creditor of the plaintiff for merchandise to the

extent of about $1,300.00. Peiser, the secretary of the defendant company, was sent to Bluefield to observe conditions and make investigations regarding plaintiff's business. While in Bluefield he learned of plaintiff's shortage of ready money, as well as her ownership of three pieces of property. After returning to Cleveland, Peiser, writing for the company under date of June 22, 1926, opened negotiations with respect to furnishing assistance, stating in conclusion, "We would like to have you buy all your better goods from us." Needing money to finance the business for the fall season, the plaintiff wrote defendant company on June 24, 1926, regarding their proposal, and, after a few exchanges of correspondence, went to Cleveland to make the necessary arrangements regarding the defendant's offer to finance her. A plan was agreed upon whereby the plaintiff should give the defendant a deed of trust upon her real estate in the City of Bluefield for the sum of $5,000.00, which should cover the claim of defendant and the difference should be paid to the plaintiff in money and used to re-establish her credit. An attorney was instructed to draw up the deed of trust and agreement. While at Cleveland plaintiff was entertained by Peiser and Forsch, another officer of defendant company, and was introduced by them to a firm, to whom she delivered orders for special merchandise. She selected and requested the defendant to ship a number of coats to her from its stock. The deed of trust and agreement were forwarded by Peiser on August 23rd, with the request that plaintiff execute and return the same. Observing that the agreement did not conform to her understanding of their verbal agreement, plaintiff wrote defendant on August 27th, that it did not give her the ready cash, "Which," she stated, "I need so badly and am compelled to have if I continue business." By a reply, bearing date of August 31st, she was promptly assured that, if she would execute the papers sent her and immediately return them, defendant company would immediately discount her paper to the extent as listed in the deed of trust and agreement, and that she would "thereby be enabled to have enough cash in order to facilitate operation and show a statement accordingly." The papers were executed September 17th, and returned. An invoice of

plaintiff's stock of goods, all outstanding claims of other mercantile houses, as well as a list of all encumbrances against her real estate, were furnished defendant. Yet after securing possession of the property under the said deed of trust, the defendant, as the correspondence, telegrams, etc., clearly shows, virtually refused to extend the promised credit by continually insisting that something or other "is not quite satisfactory." And the defendant did this, knowing at the time that the plaintiff was suffering grievous losses through her inability to get merchandise for the fall season, which they knew to be rapidly advancing. Plaintiff tried in every way to satisfy the harrassing and exacting requirements of the defendant company, and even went to the expense of sending her attorney to Cleveland. After his visit, plaintiff forwarded bills of other concerns to the defendant for payment, in order that she might obtain additional credit, but the same were never paid, thereby causing her orders to be held up. Plaintiff's two trips to New York City to buy merchandise were thwarted by defendant's refusal to extend the promised credit. A local loan of $1,500.00 was refused, it may be fairly inferred, because the defendant had plaintiff's property tied up. After standing such treatment as long as she could, on November 23rd, plaintiff demanded the performance of defendant's obligations, or the release of the deed of trust. After considerable correspondence, the deed of trust was finally released.

As to the matter of damage, there is evidence in the record to the effect that plaintiff had regular customers who through a period of years had been accustomed to purchasing their merchandise from her; that there was a falling off in her business during the nine months immediately following defendant's alleged fraudulent action, over like months of the preceding year, and that the same was directly attributable to such action. Notwithstanding this falling off the plaintiff had the same overhead expense, and her loss actually attributable to the defendant's fraud, and directly demonstrated by actual and accurate figures, according to her testimony, amounted to $6,956.49. To this she adds certain other expenses, including fees and expenses incurred by reason of sending an attorney to Cleveland, in an amount of $787.50.

It is contended by the defendant that this action, being for damages occasioned by alleged fraud and deceit inducing the execution of the contract and deed of trust, could not be predicated upon these instruments.   It is true that such action to recover such damages is not based upon the contract but upon tort.   It has been held by this Court that an action such as we have here under consideration lies at law against a person for making false and fraudulent representations as to a material matter, whereby another is induced to enter into a contract, and by so doing sustains damage.   *Crockett* v. *Burleson,* 60 W. Va. 252.   So where a party intentionally or by design misrepresents a material fact, or produces a false impression in order to mislead another, or to take undue advantage of him, there is positive fraud; there is an evil act with an evil intent.   Such misrepresentation may be made as well by deeds or acts as by words; by artifices to mislead, as well as by positive assertions.   *Tolley* v. *Poteet,* 62 W. Va. 231.   *Lloyd* v. *Smith,* (Va.) 142 S. E. 363.   Liability for a deceit exists, whether accomplished by the deceiver in person or by his agent.   *Lowance* v. *Johnson,* 75 W. Va. 784.   Therefore, a corporation, as here, is likewise liable for a tort committed by its agent, acting within the scope of his employment, and in furtherance of his company's business, notwithstanding the company may not have expressly authorized or ratified his act.   *Johnson* v. *Railway Co.,* 82 W. Va. 692; *Lyons* v. *Davy Pocahontas Coal Co.,* 75 W. Va. 739; *Fetty* v. *Huntington Loan Co.,* 70 W. Va. 688.   Just so, if the act of the agent be within the scope of his authority, his principal is bound. *Myers* v. *Summerville,* 90 W. Va. 486.   The foregoing principles are thoroughly buttressed, not only by the decisions of this Court, but by the courts of the other states as well.

Divers exceptions were taken during the trial to the competency of the evidence introduced by the plaintiff to prove her case, but they were not preserved by bills of exception. We have repeatedly held any errors which may have been made by the trial court as to the admission or rejection of evidence will be considered as having been waived, no such error having been specified on a motion for a new trial or

made the subject of a special bill of exceptions. *Tuggle* v.
*Belcher*, 104 W. Va. 178; *Roberts* v. *Lykins*, 102 W. Va. 409.

One instruction was given on behalf of the plaintiff, over
the objection of defendant, and two of the four instructions
offered by defendant were refused. To this action of the
court, the defendant duly excepted. The plaintiff's instruc-
tion told the jury that the defendant corporation is bound by
the acts and representations of the witness E. Peiser, if the
said Peiser acted for said corporation within the apparent
scope of his authority. This instruction was proper. *John-
son* v. *Railway Company, supra; Lyons* v. *Davy Pocahontas
Coal Company, supra; Fetty* v. *Huntington Loan Company,
supra.* In addition to this instruction, the jury were instruct-
ed on behalf of the defendant to the effect (1) that the bur-
den of proving the authority of Peiser rests upon the plain-
tiff; and before she can recover anything, she must prove by
a preponderance of the evidence that E. Peiser had authority
to make, on behalf of the defendant, a contract which the
plaintiff alleges he made, differing from the written agree-
ment and deed of trust of September 17, 1926; and (2) that
to entitle her to recover she must prove by a preponderance
of the evidence that prior to September 17, 1926, she had
established a successful and profitable business; that the lien
she gave the defendant prevented her borrowing money and
that she was thereby damaged. And she must further prove
her damages with reasonable certainty. One of the instruc-
tions refused aimed to strike certain evidence from the record.
It told the jury in effect that the item of attorney's fees and
expenses alleged by plaintiff as an item of damage is stricken
from the record, and cannot be considered by them. In sup-
port of this instruction the case of *United Power Co.* v. *Ma-
theny*, 81 Ohio St. 204, 28 L. R. A. (N. S.) 761, as well as
cases listed in L. R. A. Dig. Vol. 3, p. 3144, are cited, to the
effect that attorneys' fees are not recoverable as a part of
damages in the absence of statute or express agreement, where
compensatory damages only and not exemplary damages are
recoverable. This position is not well taken, since the cases
above all relate to attorneys' fees incurred by reason of the
pending litigation. The fees introduced as matters of damage

in the instant case are not attorneys' fees incident to the present litigation, but include expenses incurred by plaintiff while she was endeavoring to comply with defendant's exacting demands in order to establish the credit which the defendant had promised to give. This instruction was therefore properly refused.

The other instruction refused was a peremptory one to find for the defendant. Together with this we will consider the last assignment of error, whether or not the jury verdict was contrary to the law and the evidence. As we have seen, the damage here claimed is for the commission of a tort. The duty to refrain from a tort is a duty which no one can avoid; it is imposed upon him by the law, and no act of his can increase or diminish it. A just rule, therefore, would put upon a person who commits a tort the risk of all proximate consequences of his wrong. Sedgwick on Damages, §141. It is true, in actions for tort, or breach of contract, that a plaintiff will not ordinarily be allowed to recover estimated profits or gains, for it is generally conjectural whether there will be any. They are not excluded, however, from recovery because they are profits, but, when excluded, it is because there are no criteria by which their amount can be ascertained with reasonable certainty of definiteness. But when profits or gains can be so proved, and their loss is the proximate result of the wrongful act complained of, they may be recovered. *Whitehead* v. *Cape Henry Syndicate*, 111 Va. 193. So, from the decisions is evolved the doctrine that, in order to recover for loss of profits as a result of a tort, they must be such as would be expected to follow naturally the wrongful acts, and are certain both in their nature and the cause from which they proceed. *Ohio-W. Va. Company* v. *Railway Company*, 97 W. Va. 61, and cases there cited. Tested by this rule, the evidence offered by the plaintiff on the trial tending to show loss of profits was admissible as one of the elements of damage.

Of course, in cases such as this, all the facts and circumstances of the case having any tendency to show damages, or their probable amount, may be placed before the jury so as to enable them to make the most intelligible and probable

estimate which the nature of the case will admit. The law leaves the amount to the sound discretion of the jury, and the Court will not disturb their verdict unless the amount awarded is so large as to indicate that the jury acted under the impulse of some undue influence. On the whole case, the jury were warranted in believing that through the machinations of the defendant, by its agent, the plaintiff was inveigled into assuming contractual relations with it to her hurt. Having secured control of her property, in the face of the fact that it was obligated to guarantee, within certain limitations, accounts for the plaintiff and furnish merchandise, it never furnished the merchandise which plaintiff purchased from it, and never procured the shipment of the merchandise which the plaintiff purchased from the other concern in Cleveland, to whom she was introduced by defendant's officer for the purpose of enabling her to get such merchandise. Such defenseless acts of omission in themselves were sufficient to establish the animus of the defendant in the whole transaction. We affirm the judgment.

*Affirmed.*