CLAUD DAVIS *v.* W. C. ALFORD

(7302)

Submitted November 1, 1932. Decided November 15, 1932.

*C. E. Copen,* for plaintiff in error.
*B. T. Clayton,* for defendant in error.

MAXWELL, JUDGE:

This is an action of fraud and deceit. The defendant prosecutes writ of error to a judgment of the circuit court of Putnam County for $500.00 based on verdict.

The evidence is very conflicting but under the verdict we must consider the evidence in the aspect most favorable to the plaintiff. From the plaintiff's evidence the jury was warranted in the belief that the plaintiff entered into a verbal arrangement with the defendant whereby the latter was to purchase at a trustee's sale a certain garage property in the town of Poca, Putnam County, which property was being sold by the trustee in default of payment by the plaintiff and his partner in business, one Maddox, of the balance of indebtedness secured by said deed of trust, owing to Samuel Goodman, and that upon such purchase the defendant was to cause a deed for the property to be made by the trustee to the plaintiff, and that the plaintiff would at the same time execute a deed of trust on the property to secure the defendant in the amount paid by him for the property; that the defendant bid in said property at the trustee's sale for the sum of $1,236.00; that he immediately obtained from the trustee a deed therefore in his own name and refused to direct the trustee to make the deed to the plaintiff, and declined himself to make a deed to the plaintiff; that by reason whereof the plaintiff suffered a material financial loss, it appearing that plaintiff had invested considerable money in the property prior to the default; that strained relations had arisen between plaintiff and his partner, and that it was the plaintiff's desire that the above plan of

dealing with the title be consummated in order that he might become the sole owner of the property and have opportunity to finance the undertaking himself.

The jury was further warranted in believing from the plaintiff's evidence that at the sale the said Goodman, was ready and willing to bid in the property for the benefit of the plaintiff, and that he would have done so but for the statement and representation made by the defendant to both Goodman and the plaintiff that he, the defendant, was going to bid in the property for the plaintiff.

That an action on the case for damages will lie against a person whose fraud and deceit has caused financial loss to another is fundamental. *Stewart v. Pollack-Forsch Co.*, 105 W. Va. 453, 143 S. E. 98; *Crockett v. Burleson*, 60 W. Va. 252, 54 S. E. 341, and cases cited. And, it is a general rule, as stated in *Love v. Teter*, 24 W. Va. 741: "Fraud cannot be predicated on a promise not performed. To make it available there must be a false assertion in regard to some *existing* matter by which a party is induced to part with his money or his property." Whether as an exception to that rule or as an amplification thereof, the courts hold that fraud may "be predicated upon the failure to perform a promise where the promise is the devise to accomplish the fraud." *Lloyd v. Smith*, (Va.) 142 S. E. 363. *Cerny v. Paxton & Gallagher Co.*, (Neb.) 110 N. W. 882. The rule is the same both at law and in equity. In *Laing v. McKee*, 13 Mich. 124, 87 Am. Dec. 738, Judge Cooley, speaking for the court said. "It is a matter of no moment whether the fraud was perpetrated by means of a promise upon which he (complainant) relied, and which the defendant did not intend to keep, or by untrue statements as to existing facts." In conformity: *Palmetto Bank v. Grimsley*, (S. C.) 51 A. L. R. 42, and annotation; *Dowd v. Tucker*, 41 Conn. 197; *Miller-Cahoon Co. v Wade*, (Idaho) 221 Pac. 1102.

Under the plaintiff's evidence the jury was justified in the belief that the defendant caused financial loss to the plaintiff by making to him a promise upon which the plaintiff relied, and which the defendant did not intend to perform. This brings the case within the "fraudulent promise" rule above discussed.

The defense that the contention of the plaintiff is nothing more nor less than an assertion of a promise by the defendant to convey real estate, and therefore void as within the statute of frauds, is not well taken. What the plaintiff relies upon is not the breach of a verbal promise to convey (or cause to be conveyed) real estate, but the deceiving of plaintiff by a false promise made to him by the defendant, without intention of performance by him, for the fraudulent purpose of putting him in an advantageous position at the expense of the plaintiff, and acted upon by the plaintiff to his detriment.

The four instructions requested by the defendant were given by the court. None were given on behalf of the plaintiff and so far as the record discloses none were requested.

We perceive no prejudicial error in the record and therefore affirm the judgment.

*Affirmed.*